890 So.2d 331 (2004)
Jonathan FLESNER, Appellant/Cross-Appellee,
v.
STATE of Florida, Appellee/Cross-Appellant.
No. 2D03-4930.
District Court of Appeal of Florida, Second District.
December 10, 2004.
*332 James Marion Moorman, Public Defender, and John C. Fisher, Assistant Public Defender, Bartow, for Appellant/Cross-Appellee.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Jenny Scavino Sieg, Assistant Attorney General, Tampa, for Appellee/Cross-Appellant.
ALTENBERND, Chief Judge.
Jonathan Flesner appeals his judgment and sentence for robbery with a weapon. We affirm. On the issues raised by Mr. Flesner, we comment only on an error in the judgment. The State charged Mr. Flesner with robbery with a deadly weapon. During this robbery, Mr. Flesner used a BB gun, which he maintained did not have an active CO2 cartridge. The jury convicted him of the lesser-included offense of robbery with a weapon. The judgment incorrectly identifies the offense as robbery with a deadly weapon rather than the offense for which he was actually convicted. On remand, this scrivener's error should be corrected.
The State has filed a cross-appeal in this case pursuant to section 924.07(1)(d), Florida Statutes (2003), and Florida Rule of Appellate Procedure 9.140(c)(1)(J). In this cross-appeal, the State argues that it was entitled to receive a special instruction explaining the status of BB guns under the holding in Mitchell v. State, 698 So.2d 555 (Fla. 2d DCA), approved, 703 So.2d 1062 (Fla.1997). Although this might be an appropriate subject for consideration by The Supreme Court Committee on Standard Jury Instructions in Criminal Cases, we decline to rule on this issue in this case.
Section 924.07(1)(d), on its face, might seem to give the State the right to receive review of this issue in this case. The problem, however, is that the proposed jury instruction addressed the charge of robbery with a deadly weapon. The jury found Mr. Flesner not guilty on this charge. Even if the trial court erred when instructing the jury on this charge, double jeopardy would prevent a second trial on remand. This is not an issue that became moot while the case was pending on appeal, but rather an issue that was moot from the start. Thus, the State is attempting to ask this court for an advisory ruling on an issue that is not a controversy in this case. We conclude that the right of cross-appeal created by section 924.07(1)(d) does not expand this court's scope of review to permit it to issue advisory holdings on such issues. Accordingly, we decline to review the issue on cross-appeal.
Affirmed, but remanded for correction of scrivener's error.
SALCINES and CANADY, JJ., Concur.